STATE OF VERMONT
ENVIRONMENTAL COURT

|  |  |
|---|---|
| **In re Merchant & Anderson Site Plan** | **Docket No. 205-10-09 Vtec** |
| **Amendment Application[1]** | **(Appeal from Waterbury Plan. Comm.** |
|  | **Site Plan Application #25-09-V)** |

## Judgment Order

Amy Anderson and Michael Merchant ("Applicants") own property at 25 North Main Street in the Town of Waterbury ("Town"). The Anderson/Merchant property currently contains the following improvements: a main house with an attached residential studio apartment and an attached two-car, two-story garage. A third residential apartment with two bedrooms occupies the second floor above the garage. The garage and the third apartment above it are the subject of a zoning permit issued in 2008 (Zoning Permit #45-08-V), which was not appealed and therefore became final.

Once Applicants completed the improvements associated with the 2008 zoning permit, they sought a permit amendment to authorize certain additional improvements, including some of which they had already constructed. These improvements included a realignment of the parking spaces along the southerly boundary line of their property; screening along that boundary line; and completing a private stormwater drainage system that ultimately connected to the municipal drainage system along North Main Street. These additional site plan improvements are depicted on Applicants' revised site plan, admitted at trial as Exhibit 2.

When Applicants submitted their pending application for site plan amendment,[2] the Town of Waterbury Planning Commission ("Commission") conducted several public hearings, the last occurring on October 7, 2009. At the conclusion of its October 7th public hearing, the Commission voted to approve Applicants' site plan amendment application, with three conditions.[3] Valerie Zimmerman ("Appellant"), owner of the property to the south of Applicants' property, filed a timely appeal and presented

---

[1] The Court has added the term "Amendment" to the caption of this appeal, to more accurately reflect the procedural history of these proceedings.

[2] The Commission assigned #25-09-V to the pending application and the permit it ultimately issued.

[3] To the extent that this Court believes that any of the conditions imposed by the Commission are supported by the evidence subsequently presented at trial, we have incorporated them into the Conditions itemized below on page 3.

three[4] legal issues in her October 23, 2009 Statement of Questions: (1) the amended site plan should be rejected because soil or fill added to the rear (easterly) section of Applicants' property caused flooding on Appellant's property; (2) even if approved, the amended site plan should be conditioned to require Applicants to install and maintain a catch basin on Appellant's property to alleviate such flooding; and (3) if approved, the amended site plan should be further conditioned to require Applicants to install and maintain either a six-foot-high barrier fence or row of cedars along the rear portion of the parties' joint boundary line.

The Court conducted a site visit with the parties on December 7, 2010; the trial immediately followed the site visit. Present at the site visit and trial were both Applicants, together with their attorney, Lauren S. Kolitch. Appellant was not present, although she was represented at the site visit and trial by her attorney, Paul S. Gillies.

Applicants' proposals to realign the on-site parking and complete the private drainage system located on their property conforms to the site plan review criteria contained in § 301 of the Town and Village of Waterbury Zoning Regulations ("Regulations") and is therefore **APPROVED**, subject to the conditions listed below. The Court specifically rejects either party's suggestion for fencing or screening along their joint boundary line, for two reasons. First, it is likely that any fencing will be difficult to maintain, given the proximity of Appellant's house to a portion of that boundary line and the manner in which snow is shed from Appellant's roof. Second, the proposed amendments to the site plan are not so substantial as to require screening by the cedars that Appellant requests, and the Court finds it equitably untenable to require Applicants to plant and maintain a row of cedars along the rear of the joint boundary line, given that it was at Appellant's urging and enticement that Applicants allowed Appellant to cut and remove the pre-existing rows of cedars that once encompassed a portion of Applicants' south, east, and northerly boundaries. For these reasons, the Court specifically **DECLINES** to incorporate a condition into its approval of Applicants' amended site plan that mirrors Condition #3 imposed by the Commission.

---

[4] Appellant presented a fourth Question in her Statement of Questions which was based upon an assertion that a portion of Applicants' private stormwater drainage system was located on her property, but Appellant advised prior to trial that she no longer wished for this Court to consider that issue.

2

Approval of Applicants' amended site plan is hereby conditioned upon the following:

1. Applicants shall complete the improvements only as evidenced by their amended site plan (as shown on trial Exhibit 2).

2. Applicants shall not commence or complete any material revisions or alterations to their site plan without prior approval of the Commission or this Court.

3. Any prior approvals or conditions imposed by the Commission upon Applicants' site plan, including Zoning Permit #45-08-V, that have not been the subject of this appeal shall remain in full force and effect.

4. Applicants shall remove the approximately five-to-ten-foot-long portion of the earthen berm they installed along the boundary line they share with Appellant that is not depicted on their amended site plan (Exhibit 2). The portion of the earthen berm to be removed lies beside the storm drain outlet Appellant installed on their property.

5. The earthen fill Applicants installed in their rear yard is **APPROVED**, but only to the extent such fill has been placed on their property or easement benefitting their property.

6. The catch basin Applicants proposed (identified as a storm drain in Applicants' rear yard on their Exhibit 2) is hereby **APPROVED**, without the alterations suggested by Appellant's expert witness at trial. Applicants shall only be required by this approval to install the 8" HDPE pipe reflected on Exhibit 2 up to the parties' common boundary line; Applicants shall not be obligated by this approval to install any stormwater drainage improvements on Appellant's property.

This trial revealed to the Court significant disputes between these parties. Neither party is completely blame free; each party has some culpability in the genesis of their disputes. Given that the Court only has jurisdiction over Applicants and their improvements in this appeal, the Court is limited in its authority to order a sharing of the expense to alleviate the stormwater pooling issues that arise on each party's property. However, the Court encourages the parties, perhaps with the assistance of their respective expert witnesses, to attempt to reach a voluntary agreement on alternate or further improvements that would alleviate the problem of stormwater pooling on both of their properties. If agreement is reached, it should address the sharing of future additional expenses and whether the agreed-upon improvements require further amendment to either party's site plan permits.

These proceedings are remanded to the Town of Waterbury Zoning Administrator, solely for the purpose of completing the ministerial acts necessary to

3

issue the appropriate permit in accordance with this Judgment Order and the unaltered provisions of the prior Planning Commission approvals.

This completes the current proceedings before this Court in this appeal.

Done at Newfane, Vermont, this 15th day of December, 2010

_____
Thomas S. Durkin, Judge